NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRIS WERDEBAUGH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE DIAMOND GROWERS,<br><br>Defendant. | Case No.  5:12-CV-02724 LHK (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re: Dkt. 137] |

In Discovery Dispute Joint Report (DDJR) No. 1, plaintiff seeks an order compelling defendant to produce two categories of documents:  (1) sales information for the challenged products; and (2) documents supporting defendant's asserted affirmative defenses.  The matter is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).  For the reasons discussed below, plaintiff's request for an order compelling production is granted.

With respect to the requested sales information, there appears to be no dispute that the discovery is relevant to damages.  Defendant initially asserted several objections to production.  But, in view of Judge Koh's decision to certify a class, defendant says that two days before the filing of the instant DDJR, it told plaintiff that it is willing to reconsider those objections.  The problem, defendant says, is that plaintiff did not meet-and-confer about the requested discovery.  According to defendant, it asked plaintiff for more particulars---i.e., what specific sales information he wants; which requests are at issue; and the format for production of the

information---but plaintiff reportedly shut down the meet-and-confer negotiations, stating, "We have met and conferred all that we are going to do. We will let Judge Lloyd have it from here." (Dkt. 137 at ECF p. 8). Further, defendant says that plaintiff first provided a draft of the instant DDJR on May 29, 2014, just before the parties participated in an all-day mediation; defense counsel did not have time to review the draft before the mediation; and no substantive discussion of any discovery issues took place at the mediation. Those assertions, however, do not refute plaintiff's claim that the parties discussed these issues during an 8-hour in-person meeting on May 28, 2014 (after months of conferring about them beforehand).

Plaintiff should have done a much better job of identifying the particular requests at issue in the DDJR. He does, however, quote the text of Request 13, which seeks "[d]ocuments sufficient to show gross sales of your relevant products broken down by quarter and by individual food product. This request seeks sales data beginning four years prior to the placement of the product claims on the particular food product." (Dkt. 137 at 4; Dkt. 137-1 at 6). He also references Request 14, which asks for production of "[a]n Excel spreadsheet showing data produced in response to Request [13]." (Id.).[1] The text of these requests say what kind of sales information plaintiff wants and his desired format for production. The requested information is relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). As worded, these requests do not call for any privileged or work product information. If there truly is a legitimate dispute about the kind of sales information plaintiff wants,[2] the parties are directed to meet-and-confer in good faith to resolve those matters. Reasonable parties dealing with one another in good faith ought to be able to work such matters out. Defendant shall produce documents responsive to Requests 13 and 14 within 14 days from the date of this order. This order will not apply to any other sales-related request(s) that plaintiff may have intended to be

---

[1] As drafted by plaintiff, Request 14 asks for sales data produced in response to Request 15. (Dkt. 137-1 at 6). Request 15, however, does not ask for sales data. And, based on defendant's response to Request 14, it appears that plaintiff actually intended for Request 14 to refer back to Request 13. (Dkt. 137-2 at 14).

[2] Defendant objected to Requests 13 and 14 on the ground that the term "gross sales" is vague and ambiguous.

covered by this DDJR, but failed to identify.[3]  To the extent there are any other such requests, this ruling is without prejudice to plaintiff to bring a DDJR that clearly identifies the requests at issue, if good faith meet-and-confer negotiations do not resolve any disagreement about production.

As for the second category of documents, the request at issue is Request 29, which asks for "All documents supporting your affirmative defenses." (Dkt. 137-1, DDJR No. 1, Ex. A).  The only argument defendant asserts in opposition is the alleged lack of meet-and-confer on the issues.  For the reasons discussed above, this court takes that argument with a grain of salt.  In any event, unlike the sales information, defendant does not identify any matters re the subject discovery that purportedly require clarification.  And, the requested information falls squarely within the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).  Accordingly, plaintiff's request for an order compelling production in response to Request for Production No. 29 is granted.  Defendant shall produce all non-privileged, responsive documents within 14 days from the date of this order.

**SO ORDERED**.

Dated:   July 8, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Although plaintiff initially indicated that he sought an order compelling production of documents responsive to his second set of requests for production (see Dkt. 137 at 3), the only document requests appended to DDJR No. 1 are from his first set of document requests.

5:12-cv-02724-LHK Notice has been electronically mailed to:

Ben F. Pierce Gore    pgore@prattattorneys.com, cotto@prattattorneys.com, dawn@cfbfirm.com, ntmaddux@barrettlawgroup.com, PTaylor@barrettlawgroup.com, rtrazo@prattattorneys.com

Brian K Herrington    bherrington@barrettlawgroup.com, bherrington@pacernotice.com

Chant Yedalian    chant@chant.mobi, chantyed@aol.com, chantyed@gmail.com

Colin Harvey Dunn    chd@cliffordlaw.com, docket@cliffordlaw.com, jg@cliffordlaw.com, jmg@cliffordlaw.com, ksr@cliffordlaw.com

Dewitt Marshall Lovelace , Sr    courtdocs@lovelacelaw.com

Gary McKay Yarborough , Jr    ylf.garyyarborough@@att.net

Geoffrey R. Pittman    gpittman@hansonbridgett.com, calendarclerk@hansonbridgett.com, ypete@hansonbridgett.com

Lawrence M. Cirelli    lcirelli@hansonbridgett.com, calendarclerk@hansonbridgett.com, rcarrillo@hansonbridgett.com

Megan Oliver-Thompson    moliverthompson@hansonbridgett.com, calendarclerk@hansonbridgett.com, nward@hansonbridgett.com