United States District Court
Northern District of California

1

2

3

4

5

6

7                        NOT FOR CITATION

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12   CHRIS WERDEBAUGH, individually and      Case No.  5:12-CV-02724 LHK (HRL)
     on behalf of all others similarly situated,

13                    Plaintiff,            **ORDER RE DISCOVERY DISPUTE**
                                            **JOINT REPORT NO. 3**
14         v.

15   BLUE DIAMOND GROWERS,                  [Re:  Dkt. 147]

16                    Defendant.

17         This is an action for alleged food mislabeling in which plaintiff sues for himself and on

18   behalf of a certified class of "[a]ll persons in California who, from May 19, 2008, until the date of

19   notice, purchased almond milk products manufactured, distributed and/or sold by Blue Diamond

20   Growers containing the label statements 'evaporated cane juice' and/or 'All Natural.'"  (Dkt. 131

21   at 48).  Plaintiff requested discovery of certain labeling and financial information that he says is

22   relevant to damages---namely, label changes, wholesale sales, advertising expenditures, and

23   promotional expenditures.[1]  There is no dispute as to discovery falling within the class period,

24   which defendant says it either will produce or has already produced.  The sole issue presented in

25   Discovery Dispute Joint Report (DDJR) No. 3 is whether defendant should be compelled to

26   produce this information for the four years pre-dating the class period, i.e., dating from May 29,

27   ────────────────────

28   [1] Plaintiff identifies the pertinent requests as follows:  Requests for Production, Set 1 (Requests
     16-17, Dkt. 137, Ex. 1) and Requests for Production, Set 2 (Requests 2-5, 14-17, Dkt. 143, Ex. 1)

1    2004.  The matter is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).

2    Upon consideration of the parties' respective arguments, this court grants plaintiff's request for an

3    order compelling this discovery.[2]

4         With respect to the requested labeling change information, defendant says that it has

5    already produced all documents showing any and all labeling changes made during the class

6    period, i.e., all of the "final labels" for the challenged products during the class period.  It points

7    out that "each of these labels is dated to show when the packaging was finalized."  (Dkt. 147 at 8).

8    Thus, defendant says, plaintiff has information showing any and all label changes that were made

9    during the class period.  It contends that discovery about labels no class member ever saw and

10   about financial information outside the class period are irrelevant.  Additionally, defendant says

11   that providing the requested financial data would require looking through archived records which

12   may or may not contain the information plaintiff wants.

13        What is not clear to this court is whether defendant has produced information

14   demonstrating when the challenged terms were first placed on the product labels.  This is the

15   information that plaintiff apparently seeks, as well as the date the terms no longer appeared on the

16   labels (assuming the terms are no longer used) and the requested financial information for several

17   years before and after the challenged terms appeared on the labels.  This information appears to

18   track the data that plaintiff's expert, Dr. Capps, outlined in a declaration submitted in support of

19   plaintiff's class certification motion and averred he needed in order to perform his proposed

20   regression analysis to calculate claimed damages.  (Dkt. 77-4 ¶ 19).  As this court understands it,

21   and in grossly overbroad terms, Dr. Capps' regression analysis will require examination of a

22

23   [2] Strictly speaking, it appears that the parties did not comply with the undersigned's Standing
     Order re Civil Discovery Disputes in bringing DDJR No. 3; and tellingly, they do not certify their
24   compliance as required by the Standing Order.  Specifically, the parties apparently did not have an
     in-person meet-and-confer.  DDJR No. 3 identifies two dates on which the parties reportedly met
25   in person.  But defendant disputes that, saying that those were dates the parties participated in
     mediation and that there were no substantive discussions about discovery during those sessions.
26   And, indeed, those are the same two dates identified on DDJR No. 2, which this court denied
     without prejudice because of plaintiff's lackluster meet-and-confer efforts.  Ordinarily, this court
27   would have summarily terminated DDJR No. 3.  This court nevertheless has addressed the merits
     of the issue presented, however, because the parties filed DDJR No. 3 on August 8, 2014 (the last
28   possible day to bring discovery disputes before the court under Civ. L.R. 37-3), and this court is
     told that the discovery is needed in connection with expert reports due on August 15.

United States District Court
Northern District of California

1   number of factors over time, both before and after the challenged terms were placed on labels.

2   Thus, plaintiff argues that ideally, he'd like information as to whether any (alleged) misbranding

3   occurred since product inception.  But, at a minimum, he needs information dating from at least

4   May 29, 2004.  In certifying a California class, Judge Koh concluded that Dr. Capp's proposed

5   regression analysis is a workable model of calculating damages tied to plaintiff's theory of

6   liability.  (Dkt. 131 at 46).  Thus, under the particular circumstances presented in this case, this

7   court finds that the requested information is relevant or reasonably calculated to lead to the

8   discovery of admissible evidence and that plaintiff's need for the information outweighs the

9   burden that might be imposed.

10          Defendant correctly notes that in a different case, this court (1) concluded that labels pre-

11  dating the class period are irrelevant and (2) made no ruling that the plaintiff in that case was

12  entitled to financial information pre-dating the class period.  See Brazil v. Dole Packaged Foods,

13  LLC, No. 5:12-cv-01831-LHK (HRL) (N.D. Cal., Apr. 1, 2014) (Dkt. 123).  Brazil, however,

14  concerned pre-certification discovery, and there was no indication that the presiding judge had

15  passed upon the propriety of any particular damages model at the time this court issued the

16  discovery ruling in question.  That is not the case here.  Nor is defendant aided by its citation to

17  Ogden v. Bumble Bee Foods, LLC, 292 F.R.D. 620 (N.D. Cal. 2013).  That case concerned a

18  dispute over the propriety of discovery beyond the applicable statute of limitations, and this court

19  does not find it helpful to the resolution of that issue presented here.

20          Based on the foregoing, plaintiff's request for an order compelling the subject discovery is

21  granted.  Defendant shall produce the requested discovery forthwith.

22          **SO ORDERED**.

23  Dated:  August 14, 2014

24  _____

25  HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

26

27

28

United States District Court
Northern District of California

5:12-cv-02724-LHK Notice has been electronically mailed to:

Ben F. Pierce Gore     pgore@prattattorneys.com, cotto@prattattorneys.com, dawn@cfbfirm.com, ntmaddux@barrettlawgroup.com, PTaylor@barrettlawgroup.com, rtrazo@prattattorneys.com

Brian K Herrington     bherrington@barrettlawgroup.com, bherrington@pacernotice.com

Chant Yedalian     chant@chant.mobi, chantyed@aol.com, chantyed@gmail.com

Colin Harvey Dunn     chd@cliffordlaw.com, docket@cliffordlaw.com, jg@cliffordlaw.com, jmg@cliffordlaw.com, ksr@cliffordlaw.com

Dewitt Marshall Lovelace , Sr     courtdocs@lovelacelaw.com

Gary McKay Yarborough , Jr     ylf.garyyarborough@att.net

Geoffrey R. Pittman     gpittman@hansonbridgett.com, calendarclerk@hansonbridgett.com, ypete@hansonbridgett.com

Lawrence M. Cirelli     lcirelli@hansonbridgett.com, calendarclerk@hansonbridgett.com, rcarrillo@hansonbridgett.com

Megan Oliver-Thompson     moliverthompson@hansonbridgett.com, calendarclerk@hansonbridgett.com, nward@hansonbridgett.com

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28