United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CHRIS WERDEBAUGH,

    Plaintiff,

    v.

BLUE DIAMOND GROWERS,

    Defendant.

Case No.  12-CV-02724-LHK

**ORDER RE SEALING MOTIONS**

Re: Dkt. Nos. 164, 165, 177, 179, 185, 186

Before the Court are administrative motions to seal brought by Defendant Blue Diamond Growers ("Defendant" or "Blue Diamond"), ECF Nos. 164,[1] 165, 179, and by Plaintiff Chris Werdebaugh ("Plaintiff" or "Werdebaugh"), ECF Nos. 177, 185, 186. The parties seek to seal briefing and exhibits filed by the parties in connection with Defendant's motion to decertify, ECF No. 167, and Defendant's motion for summary judgment, ECF No. 166.

    "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

---

[1] ECF Nos. 164 and 165 appear to be the same sealing motion.

1
Case No.: 12-CV-02724-LHK
ORDER RE SEALING MOTIONS

United States District Court
Northern District of California

1 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong

2 presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

3       Parties seeking to seal judicial records relating to dispositive motions bear the burden of

4 overcoming the presumption with "compelling reasons supported by specific factual findings" that

5 outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447

6 F.3d at 1178–79. Compelling reasons justifying the sealing of court records generally exist "when

7 such 'court files might have become a vehicle for improper purposes,' such as the use of records to

8 gratify private spite, promote public scandal, circulate libelous statements, or release trade secret."

9 *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of

10 records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will

11 not, without more, compel the court to seal its records." *Id.* Dispositive motions include "motions

12 for summary judgment." *Id.*

13       Records attached to nondispositive motions are not subject to the strong presumption of

14 access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive

15 motions "are often unrelated, or only tangentially related, to the underlying cause of action,"

16 parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal

17 Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause"

18 standard requires a "particularized showing" that "specific prejudice or harm will result" if the

19 information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

20 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad

21 allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not

22 suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). In general,

23 motions for class certification and motions to decertify are considered nondispositive. *See In re*

24 *High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 5486230, at *2 (N.D. Cal.

25 Sept. 30, 2013) ("As Plaintiffs' Motion for Class Certification is a non-dispositive motion, the

26 Court finds that the parties need only demonstrate 'good cause' in order to support their requests

27

2

28 Case No.: 12-CV-02724-LHK
ORDER RE SEALING MOTIONS

1   to seal.").

2          Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court

3   documents for, inter alia, the protection of "a trade secret or other confidential research,

4   development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

5   adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

6   trade secret may consist of any formula, pattern, device or compilation of information which is

7   used in one's business, and which gives him an opportunity to obtain an advantage over

8   competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

9   (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the

10  production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

11  business. . . ." *Id.* (ellipses in original). In addition, the Supreme Court has recognized that sealing

12  may be justified to prevent judicial documents from being used "as sources of business

13  information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

14         In addition, parties moving to seal documents must comply with the procedures established

15  by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request

16  that establishes the document is "sealable," or "privileged or protectable as a trade secret or

17  otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly

18  tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*

19  Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that

20  is narrowly tailored to seal only the sealable material" and that "lists in table format each

21  document or portion thereof that is sought to be sealed," as well as an "unredacted version of the

22  document" that "indicate[s], by highlighting or other clear method, the portions of the document

23  that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing

24  of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as

25  required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."

26  *Id.* R. 79-5(e)(1).

27                                                         3

Case No.: 12-CV-02724-LHK
28  ORDER RE SEALING MOTIONS

United States District Court
Northern District of California

United States District Court
Northern District of California

Below, the Court applies the "good cause" standard to the parties' requests to seal documents in connection with Defendant's motion to decertify and the "compelling reasons" standard to Defendant's request to seal documents in connection with its motion for summary judgment. With these standards in mind, the Court rules on the instant motion as follows:

| Motion to Seal | Standard | Document to be Sealed or Redactions to be Made | Ruling |
|---|---|---|---|
| 165 | Good Cause | Motion to decertify | GRANTED as to proposed redactions. |
| 165 | Good Cause | Exhibit 1 to the Declaration of Geoffrey R. Pittman in Support of Defendant Blue Diamond Growers' Motion to Decertify the Rule 23(b)(3) Damages Class: Expert Report of Dr. Oral Capps, Jr. | GRANTED as to proposed redactions. |
| 165 | Good Cause | Exhibit 2 to the Declaration of Geoffrey R. Pittman in Support of Defendant Blue Diamond Growers' Motion to Decertify the Rule 23(b)(3) Damages Class: Rebuttal Expert Report of Keith R. Ugone, Ph.D. | GRANTED as to proposed redactions. |
| 165 | Compelling Reasons | Exhibit A to the Declaration of Megan Oliver Thompson in Support of Defendant's Motion for Summary Judgment or Partial Summary Judgment in the Alternative: Expert Report of Dr. Julie Caswell. | DENIED WITHOUT PREJUDICE. Defendant requested sealing of third-party consumer market surveys based on Plaintiff's designation of this material as confidential. Neither party has shown a compelling reason to seal this information. |

United States District Court
Northern District of California

| Motion to Seal | Standard | Document to be Sealed or Redactions to be Made | Ruling |
|---|---|---|---|
| 177 | Good Cause | Exhibit B: Second Supplemental Expert Report of Dr. Oral Capps, Jr. Pursuant to Fed. R. Civ. P. 26(e) | DENIED WITHOUT PREJUDICE because Plaintiff's request is not narrowly tailored to seal only the sealable material that the Exhibits may contain. *See* Civ. L. R. 79-5(b). For example, while specific figures may be sealed, there is no need to seal the title or the variables that are disclosed in public filings. |
| 177 | Good Cause | Plaintiff's Opposition to Defendant's Motion for Decertification | GRANTED as to proposed reactions. |
| 179 | Good Cause | Reply in Support of Motion to Decertify the Rule 23(b)(3) Damages Class | GRANTED as to proposed redactions. |
| 179 | Good Cause | Declaration of Dr. Keith Ugone in Response to Dr. Oral Capps' Second Supplemental Expert Report | GRANTED as to proposed redactions. |
| 185 | Compelling Reasons | Exhibit 3 Expert Report of Dr. Oral Capps | DENIED WITHOUT PREJUDICE because Plaintiff's request is not narrowly tailored to seal only the sealable material that the Exhibits may contain. *See* Civ. L. R. 79-5(b). For example, while specific figures may be sealed, there is no need to seal the title or information such as the months or dates. |
| 185 | Compelling Reasons | Exhibit 5 Second Supplemental Expert Report of Dr. Oral Capps | DENIED WITHOUT PREJUDICE because Plaintiff's request is not narrowly tailored to seal only the sealable material that the Exhibits may contain. *See* Civ. L. R. 79-5(b). Some proposed redactions include information neither party has requested to seal in other exhibits. |
| 185 | Compelling Reasons | Expert Report of Dr. Julie Caswell | DENIED WITHOUT PREJUDICE for the same reason as Defendant's request to seal the same portions of this report. *See infra*; ECF No. 165. |

5

United States District Court
Northern District of California

| Motion to Seal | Standard | Document to be Sealed or Redactions to be Made | Ruling |
|---|---|---|---|
| 186 | Compelling Reasons | Excerpts of Bill Ng Deposition | DENIED WITHOUT PREJUDICE. Plaintiff has failed to offer any specific, compelling reason why portions of Billy Ng's deposition should be sealed. If Defendant is the designating party, it failed to file a supporting declaration as required by Civ. L.R. 79-5(e)(1). |
| 186 | Compelling Reasons | Blue Diamond Documents 483–90 | DENIED WITHOUT PREJUDICE. Plaintiff has failed to offer any specific, compelling reason why these documents should be sealed in their totality. If Defendant is the designating party, it failed to file a supporting declaration as required by Civ. L.R. 79-5(e)(1). |
| 186 | Compelling Reasons | Blue Diamond Documents 33–40 and 140–44 | DENIED WITHOUT PREJUDICE. Plaintiff has failed to offer any specific, compelling reason why these documents should be sealed in their totality. If Defendant is the designating party, it failed to file a supporting declaration as required by Civ. L.R. 79-5(e)(1). |

The parties shall file any renewed motions to seal consistent with this Order within seven (7) days.

**IT IS SO ORDERED**.

Dated: December 15, 2014

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

6

Case No.: 12-CV-02724-LHK
ORDER RE SEALING MOTIONS