UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CHRIS WERDEBAUGH,<br><br>Plaintiff,<br><br>v.<br><br>BLUE DIAMOND GROWERS,<br>Defendant. | Case No.  12-CV-02724-LHK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 195 |

Before the Court is Plaintiff Chris Werdebaugh's ("Plaintiff" or "Werdebaugh") motion for leave to file a motion for reconsideration of this Court's order granting decertification of the damages class. ECF No. 195. Having considered Plaintiff's motion, the relevant law, and the record in this case, the Court DENIES Plaintiff's motion for leave to file a motion for reconsideration.

## I.      BACKGROUND

The gravamen of Plaintiff's action is that Defendant Blue Diamond Growers ("Defendant"), a leading producer of almond milk products, violated federal regulations and California law by deceptively labeling and advertising its products. More specifically, Plaintiff

1

takes issue with Defendant's use of the "All Natural" labeling claim, and listing the sweetener

used in its products as "Evaporated Cane Juice" instead of as "sugar." Second Am. Compl.

("SAC"), ECF No. 136, ¶¶ 31, 42. Plaintiff alleges violations of 21 C.F.R. §§ 101.4(a)(1), 101.22,

101.30, 102.5(a), 102.5(d), and 120.1(a), as well as 21 U.S.C. § 343, and California Health &

Safety Code Sections 110390, 110395, 110398, 110400, 110660, 110720, 110725, 110735,

110740, 110760, 110765, and 110770. *See* SAC ¶¶ 64–76.

Werdebaugh filed his original Complaint on May 29, 2012. ECF No. 1. Blue Diamond

filed an answer on September 25, 2012. ECF No. 20. The Parties stipulated to Plaintiff filing an

amended complaint as well as to the Court dismissing with prejudice claims in the original

Complaint based on the Magnuson-Moss Warranty Act and Song-Beverly Consumer Warranty

Act. ECF Nos. 36, 37.

Werdebaugh filed his FAC on May 24, 2013. ECF No. 38. Blue Diamond filed its motion

to dismiss or, in the alternative, to strike particular allegations in the FAC on June 24, 2013. ECF

No. 46. On July 22, 2013, Werdebaugh filed his opposition, ECF No. 48, as well as a request that

the Court take judicial notice of certain exhibits, ECF No. 49. Defendant filed its reply on August

30, 2013. ECF No. 58. On October 2, 2013, the Court denied Defendant's motion to dismiss and

motion to strike. ECF No. 65. Defendant subsequently filed an Answer to the FAC on November

1, 2013. ECF No. 69.

On January 17, 2014, Werdebaugh moved for class certification. ECF No. 74. Defendant

filed an opposition on March 7, 2014, ECF No. 98, along with evidentiary objections to Plaintiff's

expert declarations filed in support of class certification, ECF Nos. 102–03. Plaintiff responded to

Defendant's evidentiary objections on March 20, 2014, ECF Nos. 110–11, and on March 28, 2014

filed a reply, ECF No. 115. The Court held a hearing on May 22, 2014, and on May 23, 2014, the

Court issued an order granting in part and denying in part Plaintiff's motion for class certification.

("Class Cert. Order"), ECF No. 131.

United States District Court
Northern District of California

1    Following the Court's order on class certification, Plaintiff filed a Second Amended

2  Complaint on June 3, 2014. ECF 136. Following the close of expert discovery, Defendant filed a

3  motion to decertify the damages class on October 30, 2014. ECF No. 167. Plaintiff filed his

4  opposition on November 13, 2014. ECF No. 175. Defendant filed its reply on November 20, 2014.

5  ECF No. 180.

6    The Court granted Defendant's motion to decertify the damages class on December 15,

7  2014. ECF No. 190. On December 27, 2014, Plaintiff filed his motion for leave to file a motion for

8  reconsideration of the Court's decertification order.

9  **II.    LEGAL STANDARD**

10    Civil Local Rule 7–9(a) states: "Before the entry of a judgment adjudicating all of the

11  claims and the rights and liabilities of all the parties in a case, any party may make a motion before

12  a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any

13  interlocutory order.... No party may notice a motion for reconsideration without first obtaining

14  leave of Court to file the motion." Civil Local Rule 7–9(b) provides three grounds for

15  reconsideration of an interlocutory order:

16       (1) That at the time of the motion for leave, a material difference in
     fact or law exists from that which was presented to the Court before
17       entry of the interlocutory order for which reconsideration is sought.
     The party also must show that in the exercise of reasonable diligence
18       the party applying for reconsideration did not know such fact or law
     at the time of the interlocutory order; or
19
         (2) The emergence of new material facts or a change of law
20       occurring after the time of such order; or

21       (3) A manifest failure by the Court to consider material facts or
     dispositive legal arguments which were presented to the Court
22       before such interlocutory order.

23    Rule 7–9(c) further requires that "[n]o motion for leave to file a motion for reconsideration

24  may repeat any oral or written argument made by the applying party in support of or in opposition

25  to the interlocutory order which the party now seeks to have reconsidered." Whether to grant leave

26

27                                                                     3

to file under Rule 7–9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.–USA*, 570 F. App'x 675, 676 (9th Cir. 2014).

## III.    DISCUSSION

Plaintiff makes two arguments in support of his motion for leave to file a motion for reconsideration: that (1) the Court committed manifest error by excluding Dr. Oral Capps, Jr.'s Second Supplemental Report as an untimely disclosure; and (2) that the Court committed manifest error by failing to consider binding Ninth Circuit authority.  The Court addresses each argument below.

### A.    Untimely Disclosure

In the Court's order granting Defendant's motion for decertification, the Court concluded that Plaintiff's Second Supplemental Report of Dr. Oral Capps, Jr. was an untimely disclosure under Federal Rule of Civil Procedure 26(e).

As the Court discussed in its decertification order, Plaintiff served the opening expert report of Dr. Capps on August 29, 2014. ("Capps Report"), ECF Nos. 142, 150, 156. Defendant served the rebuttal report of Dr. Keith Ugone on September 22, 2014. ("Ugone Rebuttal"), ECF 180-1. On October 7, 2014, Plaintiff served Dr. Capps' supplemental expert report. ("Capps Reply"), ECF No. 161. Expert discovery closed three days later on October 10, 2014. ECF No. 158. Defendant filed its motion to decertify on October 30, 2014. ECF No. 167. On November 13, 2014, Plaintiff filed his opposition and attached a "Second Supplemental Report" by Dr. Capps. ECF No. 175. On November 20, 2014, Defendant attached to its reply brief a declaration from Dr. Ugone analyzing Dr. Capps' Second Supplemental Report. *See* Declaration of Keith R. Ugone, Ph.D in response to the Second Supplemental Expert Report of Dr. Oral Capps, Jr. ("Nov. 20, 2014 Ugone Decl."), ECF No. 179.

Defendant objected to Plaintiff's submission of Dr. Capps' Second Supplemental Report, contending that Dr. Capps' changes to his regression analysis were based on information that was

4

United States District Court
Northern District of California

available to Dr. Capps at the time of his opening expert report and first supplemental report, well before the close of expert discovery. ECF No. 190, at 12. The Court agreed. Dr. Capps' Second Supplemental Report was submitted more than a month after the Court-ordered close of expert discovery and relied on information that had been available to Dr. Capps long before expert discovery closed. *See* ECF No. 190, at 12–13. As an untimely disclosure under Rule 26, Plaintiff's Second Supplemental Report was subject to exclusion under Rule 37(c) absent a showing of substantial justification or harmlessness. As Plaintiff offered no reason or argument why that would be the case, and because the Court concluded that Defendant would be prejudiced by the new regression analysis, the Court excluded Plaintiff's Second Supplemental Report.

To the extent Plaintiff contends that Plaintiff was entitled to respond to Defendant's expert, Dr. Keith Ugone's rebuttal report, the Court does not disagree. However, the appropriate time for such a response was in Dr. Capps' (first) supplemental report, which Plaintiff timely served on October 7, 2014, prior to the close of expert discovery. Plaintiff concedes that Dr. Capps' Second Supplemental Report was not based on information unavailable to Dr. Capps at the time Dr. Capps submitted his first supplemental report. Insofar as Plaintiff takes issue with the Court's reference to Dr. Ugone's "Reply Declaration," ECF No. 179, Plaintiff mischaracterizes the Court's use of Dr. Ugone's Reply Declaration. The Court did not rely on Dr. Ugone's Reply Declaration in determining that Dr. Capps' original regression analysis, timely submitted on August 29, 2014, was inadequate. Instead, the Court referenced Dr. Ugone's Reply Declaration only to note that Defendant contended that Dr. Capps' new, untimely regression analysis in his Second Supplemental Report was fundamentally different than Dr. Capps' original regression analysis. *See* ECF No. 190, at 14. Plaintiff has failed to show why such a reference was prejudicial.

**B.    Applicability of *Levya* and *Blackie***

Second, Plaintiff again cites *Leyva v. Medline Indus.*, 716 F.3d 510, 513–14 (9th Cir. 2013), for the proposition that "damages calculations alone cannot defeat certification." *See*

United States District Court
Northern District of California

5

1    Motion at 4 (also citing *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975)). The Court

2    addressed Plaintiff's mistaken argument in its order granting Defendant's motion to decertify the

3    class. *See* ECF No. 190, at 27–28. Consequently, this cannot be the basis for a motion for leave to

4    file a motion for reconsideration. *See* Civ. L.R. 7–9(c) ("No motion for leave to file a motion for

5    reconsideration may repeat any oral or written argument made by the applying party in support of

6    or in opposition to the interlocutory order which the party now seeks to have reconsidered.").

7           Even if this argument had not been previously raised, Plaintiff misunderstands the

8    applicability of *Levya* and *Blackie* to the instant case. As the Court previously explained, *Levya*

9    and its progeny hold that "a class may be certified even if individualized damages calculations will

10   be necessary." *Id* at 27. While Plaintiff did not rely on *Blackie* in its opposition to decertification,

11   the Court notes that *Blackie* stands for the same basic proposition as *Levya*. *See Blackie*, 524 F.2d

12   at 905 (holding that individual questions as to damages do not defeat class certification). The

13   Court further explained that *Levya* did not otherwise vitiate the fundamental requirement that a

14   plaintiff must show that his or her damages stem from the defendant's wrongful conduct. *See*

15   *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013). As Plaintiff was unable to put forth a

16   damages model that could calculate damages attributable to Plaintiff's liability theory, the Court

17   held that Plaintiff's Rule 23(b)(3) class could not be maintained. The Court did not decertify the

18   class because individual issues as to damages predominated, but rather because Plaintiff had failed

19   to put forth a damages model that measured the damages attributable to Defendant's wrongful

20   conduct. Plaintiff's reliance on *Levya* and *Blackie* is therefore irrelevant to the Court's

21   decertification order.

22   **IV.    CONCLUSION**

23          For the foregoing reasons, Plaintiff's motion for leave to file a motion for reconsideration

24   is DENIED.

25

26

27
     Case No.: 12-CV-02724-LHK
28   ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated: January 29, 2015

_____
LUCY H. KOH
United States District Judge

Case No.: 12-CV-02724-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION