United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRIS WERDEBAUGH,<br><br>        Plaintiff,<br><br>    v.<br><br>BLUE DIAMOND GROWERS,<br><br>        Defendant. | Case No.:12-CV-02724-LHK<br><br>**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**<br><br>Re: Dkt. No. 197 |

Before the Court is Plaintiff Chris Werdebaugh's ("Plaintiff" or "Werdebaugh") motion for voluntary dismissal of this action with prejudice. ECF No. 197. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing and case management conference scheduled for May 14, 2015. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion for voluntary dismissal with prejudice. This order does not preclude Defendant from otherwise seeking appropriate attorney's fees or costs pursuant to statute or rule.

## I.  BACKGROUND

The gravamen of Plaintiff's action is that Defendant Blue Diamond Growers

1

("Defendant"), a leading producer of almond milk products, violated federal regulations and California law by deceptively labeling and advertising its products. More specifically, Plaintiff takes issue with Defendant's use of the "All Natural" labeling claim, and listing the sweetener used in its products as "Evaporated Cane Juice" instead of as "sugar." Second Am. Compl. ("SAC"), ECF No. 136, ¶¶ 31, 42. Plaintiff alleges violations of 21 C.F.R. §§ 101.4(a)(1), 101.22, 101.30, 102.5(a), 102.5(d), and 120.1(a), as well as 21 U.S.C. § 343, and California Health & Safety Code Sections 110390, 110395, 110398, 110400, 110660, 110720, 110725, 110735, 110740, 110760, 110765, and 110770. *See* SAC ¶¶ 64–76.

Werdebaugh filed his original Complaint on May 29, 2012. ECF No. 1. Blue Diamond filed an answer on September 25, 2012. ECF No. 20. The Parties stipulated to Plaintiff filing an amended complaint as well as to the Court dismissing with prejudice claims in the original Complaint based on the Magnuson-Moss Warranty Act and Song-Beverly Consumer Warranty Act. ECF Nos. 36, 37. Werdebaugh filed his FAC on May 24, 2013. ECF No. 38. Blue Diamond filed its motion to dismiss or, in the alternative, to strike particular allegations in the FAC on June 24, 2013. ECF No. 46. On July 22, 2013, Plaintiff filed his opposition, ECF No. 48. Defendant filed its reply on August 30, 2013. ECF No. 58. On October 2, 2013, the Court denied Defendant's motion to dismiss and motion to strike. ECF No. 65. Defendant subsequently filed an Answer to the FAC on November 1, 2013. ECF No. 69.

On January 17, 2014, Werdebaugh moved for class certification. ECF No. 74. Defendant filed an opposition on March 7, 2014, ECF No. 98, along with evidentiary objections to Plaintiff's expert declarations filed in support of class certification, ECF Nos. 102–03. Plaintiff responded to Defendant's evidentiary objections on March 20, 2014, ECF Nos. 110–11, and on March 28, 2014 filed a reply, ECF No. 115. The Court held a hearing on May 22, 2014, and on May 23, 2014, the Court issued an order granting in part and denying in part Plaintiff's motion for class certification. ("Class Cert. Order"), ECF No. 131.

Following the Court's order on class certification, Plaintiff filed a Second Amended

Case No.: 12-CV-02724-LHK
ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

United States District Court
Northern District of California

Complaint on June 3, 2014. ECF 136. Following the close of expert discovery, Defendant filed a motion to decertify the damages class on October 30, 2014. ECF No. 167. Plaintiff filed his opposition to the motion for decertification on November 13, 2014. ECF No. 175. Defendant filed its reply on November 20, 2014. ECF No. 180. Defendant's motion to decertify was set for hearing on December 4, 2014. On December 2, 2014, the Court vacated the hearing pursuant to Civil Local Rule 7-1(b). ECF No. 182. The Court granted Defendant's motion to decertify the damages class on December 15, 2014. ECF No. 190. On December 27, 2014, Plaintiff filed his motion for leave to file a motion for reconsideration of the Court's decertification order. The Court denied Plaintiff's motion for leave to file a motion for reconsideration on January 29, 2015. ECF No. 199.

Simultaneously with its motion to decertify, Defendant filed a motion for summary judgment on October 30, 2014. ECF No. 166. Pursuant to the Court's November 7, 2014 order, ECF No. 172, Plaintiff filed his opposition to the motion for summary judgment on December 8, 2014, ECF No. 187, and Defendant filed its reply on January 12, 2015, ECF No. 196. Defendant's motion for summary judgment was set for hearing on February 5, 2015.

On January 29, 2015, Plaintiff filed the instant motion for voluntary dismissal of this action. ECF No. 197. In light of the upcoming hearing on Defendant's motion for summary judgment, that same day the Court ordered Defendant to file a response by February 2, 2015. ECF No. 198. Defendant filed its timely opposition and objection. ECF No. 201.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request dismissal of an action after the filing of an answer or motion for summary judgment by order of the Court, "on terms that the [C]ourt considers proper." *See also Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

3

United States District Court
Northern District of California

**III. DISCUSSION**

In the instant case, Plaintiff moves to dismiss his action with prejudice and argues that Defendant will not suffer "plain legal prejudice" as defined by the Ninth Circuit. The Court agrees.

While dismissals under Rule 41(a)(2) are subject to the discretion of the district court, the Ninth Circuit has instructed that a district court "should grant" such motions unless a defendant can show it will "suffer some plain legal prejudice as a result." *Lenches*, 263 F.3d at 975. "[L]egal prejudice is . . . prejudice to some legal interest, some legal claim, some legal argument." *Westlands*, 100 F.3d at 97. Legal prejudice does not include "the threat of future litigation," or uncertainty "because a dispute remains unresolved." *Lenches*, 263 F.3d at 976 (internal quotation marks and citation omitted). Moreover, the mere fact that "defendant will be inconvenienced by having to defend in another forum" or that "plaintiff would gain a tactical advantage by" a dismissal is insufficient to show legal prejudice. *Id.* (quoting *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).

Defendant makes two arguments with regards to legal prejudice: (1) that Plaintiff has failed to offer a sufficient explanation for his motion; (2) that Defendant's motion for summary judgment is fully briefed and ripe for adjudication. The Court addresses each argument in turn.

Here, Plaintiff explains that he seeks voluntary dismissal because the Court decertified the Rule 23(b)(3) damages class, Defendant refuses to attend a settlement negotiation, settlement discussions have reached an impasse, and Plaintiff no longer desires to pursue the action. Mot. at 5. Plaintiff further explains that he has not begun trial preparation. The Court finds these reasons to be sufficient. While the Court is not unsympathetic to Defendant's frustration with the timing of Plaintiff's motion for voluntary dismissal, a mere four days before the scheduled hearing on Defendant's fully briefed motion for summary judgment, under binding Circuit authority, this Court "should grant" motions for voluntary dismissal absent a showing of "plain legal prejudice." *See Lenches*, 263 F.3d at 975.

Defendant relies on *United States v. Berg*, 190 F.R.D. 539 (E.D. Cal. 1999), for a four-

4

Case No.: 12-CV-02724-LHK
ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

factor test in determining whether a defendant has suffered legal prejudice. *See* Opp. at 1.

Defendant contends that under the *Berg* test, Defendant has shown legal prejudice. However, *Berg*

cannot be reconciled with binding Ninth Circuit authority. The *Berg* court explained its four factor

test as including: "(1) The defendant's effort and expense involved in preparing for trial; (2)

Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3)

Insufficient explanation of the need to take a dismissal; and (4) The fact that summary judgment

has been filed by the defendant." *Id.* at 543. The *Berg* court was relying on the four factor test

applied by the Eighth Circuit in *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987).

However, the Ninth Circuit "decline[d] to adopt the Eighth Circuit's analysis in *Paulucci*," and

instead held that "legal prejudice is just that—prejudice to some legal interest, some legal claim,

some legal argument." *Westlands*, 100 F.3d at 96–97. Moreover, the Ninth Circuit has explicitly

held that the fact that a defendant has incurred substantial expense and effort in briefing a motion

for summary judgment is insufficient to show legal prejudice. *See id.* at 97 (citing *Hamilton*, 679

F.3d at 145). Defendant's arguments are insufficient under binding Ninth Circuit authority.

Defendant also points to the "suspect" timing of Plaintiff's motion in light of the

simultaneously filed notice of voluntary dismissal of the related case, *Tchayelian v. Blue Diamond*

*Growers*, No. 14-00091. Defendant characterizes Plaintiff's action as strategic and prejudicial to

Defendant, as there are "three other substantially similar cases against Blue Diamond" in the

United States District Court of Massachusetts, Arkansas state court, and California state court.

Opp. at 2. However, the mere fact that the "defendant will be inconvenienced by having to defend

in another forum" or that "plaintiff would gain a tactical advantage by" a dismissal is insufficient

to show legal prejudice. *Lenches*, 263 F.3d at 976 ("While [defendant] will be obliged to defend

the state court action, this does not add an extra burden to EFI because it was already engaged in

defending the state court case. In any event, the need to defend against state law claims in state

court is not 'plain legal prejudice.'"). It may be the case that this Court's resolution of the pending

motion for summary judgment would be helpful in these other actions, but that possibility does not

Case No.: 12-CV-02724-LHK
ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

rise to the level of "prejudice" to a legal interest, claim, or argument. A voluntary dismissal with prejudice does not prevent Defendant from raising any specific defenses or otherwise jeopardize Defendant's ability to make the same arguments in these other fora.

In sum, as Defendant is unable to show it will suffer plain legal prejudice as a result of Plaintiff's voluntary dismissal with prejudice, the Court grants Plaintiff's motion.

In addition to its opposition to Plaintiff's motion for voluntary dismissal with prejudice, Defendant also requests that any dismissal be subject to the condition that Blue Diamond may seek any appropriate fees and costs according to proof. *See* Opp. at 1. The Court does not impose, as a condition of dismissal, any requirement that Plaintiff pay Defendant's attorney's fees or costs in the instant action. Defendant has cited no legal basis for the Court's imposition of fees and costs, and the Court does not understand Defendant's request to be so broad. *See* Opp. at 3. Instead, Defendant appears to be requesting that any order granting Plaintiff's motion for voluntary dismissal not preclude Defendant from filing a separate motion for attorney's fees and costs, based on some separate statute or federal rule. *Id*. For example, Defendant may argue that it is entitled to costs under Federal Rule of Civil Procedure 54(d). *See, e.g.*, *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997) (holding that a voluntary dismissal with prejudice conferred prevailing party status on the defendant), *abrogated on other grounds by Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572 (9th Cir. 2000).

Moreover, while Plaintiff argues that Defendant is not entitled to attorney's fees and costs as a condition of dismissal, Plaintiff does not otherwise contend that an order by this Court granting Plaintiff's motion would somehow preclude Defendant from filing an independent motion for fees and costs. *See* Mot. at 6–9. As the parties do not appear to have actually presented a ripe dispute for adjudication, the Court declines to address the merits of a motion for fees or costs that has not yet been filed. Should Defendant choose to do so, Defendant shall file any motion for attorney's fees or costs within the time period set by statute, if applicable, or in Rule 54(d).

Case No.: 12-CV-02724-LHK
ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

IV.    **CONCLUSION**

For the reasons stated above, the Court grants Plaintiff's motion for voluntary dismissal with prejudice. This dismissal shall not be construed to preclude any timely, independent motion for attorney's fees or costs.

The Court denies as moot Defendant's motion for summary judgment. *See* ECF No. 166.

The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: February 11, 2015

_Lucy H. Koh_____
LUCY H. KOH
United States District Judge

Case No.: 12-CV-02724-LHK
ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE